**BEFORE THE
UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE JPMORGAN CHASE PAYCHECK PROTECTION PLAN LITIGATION | MDL DOCKET NO. _____ |

**BRIEF IN SUPPORT OF MOTION FOR TRANSFER AND
COORDINATION OF CONSOLIDATION UNDER 28 U.S.C. § 1407**

Plaintiff Hyde-Edwards Salon & Spa ("Plaintiff") respectfully moves, pursuant to 28 U.S.C. § 1407 and Rule 6.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("JPML"), for an order transferring the actions listed on the attached Schedule of Actions (the "Related Actions"), as well as any tag-along actions or other cases that may be filed asserting related or similar claims, to the Southern District of California for centralization of the actions for coordinated or consolidated pretrial proceedings.

**I.      FACTUAL BACKGROUND AND OVERVIEW OF THE RELATED ACTIONS**

The Related Actions presently consist of nine (9) putative nationwide class actions (collectively "Related Actions") pending in five (5) different districts: Southern District of California, Central District of California, Northern District of Texas, Southern District of New York and Northern District of Illinois. (*See* attached Schedule of Actions.) The Related Actions were brought by at least thirteen different law firms. *Id*. The Related Actions all involve common

549139.1

questions of fact and assert substantially similar claims and legal theories against JPMorgan Chase & Co. and/or JPMorgan Chase Bank, N.A. (collectively "Defendants").

Each of the Related Actions alleges violations of the respective state's statutes prohibiting unfair and deceptive business practices. Plaintiffs in each of the Related Actions contend that Defendants violated state laws and their fiduciary duties when they failed to implement and follow the Small Business Association's ("SBA") rules and regulations requiring, among other things, that applications be processed on a "first-come, first-served" basis. Specifically, all Related Actions allege that Defendants intentionally or negligently engaged in wrongful conduct in approving (or denying) applications for loans available through the Federal Paycheck Protection Program ("PPP"), including favoring or prioritizing applications in processing order or time.

Each of the Related Actions seek relief for losses incurred by the wrongful conduct by Defendants, including monetary damages and penalties, injunctive relief, as well as punitive damages and declaratory relief. Each action also seeks certification of nationwide and/or state classes of SBA PPP loan applicants who were harmed by Defendants' wrongful conduct. Each of the putative classes in each of the Related Actions is defined based on the Defendants' violations of state law and applicable SBA rules and regulations.

The claims in the Related Actions—as well as the putative class definitions—all raise common questions pertaining to the procedures used by Defendants in connection with applications for SBA PPP loans. The Related Actions will require analysis of current and historical data maintained by Defendants concerning PPP loans. Such data is key, therefore, not only to Defendants' potential liability but also to determining the sizes and composition of the putative classes. Finally, each of the Related Actions is at the same procedural posture. Each Related Action was filed within the past thirty days. No answer or dispositive motion has been filed in any

Related Action. Therefore, Plaintiff seeks the transfer and assignment of the Related Actions, which all seek a finding that Defendants violated state laws and their fiduciary duties when they failed to implement and follow the SBA rules and regulations, as well as any actions subsequently filed involving similar facts or claims.

## II.   ARGUMENT

As set forth below, the JPML should grant Plaintiff's motion to transfer the Related Actions for centralization of the actions for consolidated or coordinated pretrial proceedings in the Southern District of California under 28 U.S.C. § 1407. Given that all Related Actions involve common claims and consistent class definitions, similar issues undoubtedly will arise in each of the Related Actions, which will benefit significantly from consolidation or coordination. Further, the Southern District of California has experienced jurists who are familiar with complex class actions involving allegations of banking improprieties. Finally, the Southern District of California will provide a convenient location in a major metropolitan area with ready access from every region in the country

### A.   The Related Actions Should Be Transferred And Centralized For Consolidation Or Coordinated Trial Proceedings

Section 1407(a) permits transfer and centralization of cases that are pending in different districts if: (1) the cases "involv[e] one or more common questions of fact"; (2) transfer and centralization will further the "convenience of the parties and witnesses"; and (3) transfer and centralization "will promote the just and efficient conduct of such actions." The aim of Section 1407 is to "eliminate duplication in discovery, avoid conflicting rules and schedules, reduce litigation costs, and save the time and effort of the parties, the attorneys, the witnesses, and the courts." *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 410 (2015) (quoting Manual for Complex Litigation § 20.131, p. 220 (4th Ed. 2004)).

Transfer of the Related Actions to, and centralization for consolidated or coordinated pretrial proceedings in, the Southern District of California will satisfy each of the above requirements and advance Section 1407's underlying objectives.

### 1. Transfer Is Appropriate Because The Related Actions Involve One Or More Common Questions Of Fact And Law

The JPML has consistently held that cases involving overlapping factual and legal issues are particularly appropriate for transfer and centralization for consolidated or coordinated pretrial proceedings, even if there are differing legal theories or remedies in the actions or the parties and claims are not identical. *See In re Radiation Incident at Washington*, 400 F. Supp. 1404, 1405 (J.P.M.L. 1975) (holding that six actions in two different federal courts should be consolidated because there were common questions of fact; the JPML noted that the MDL could still proceed despite factual questions relating to damages that were unique to each action); *see also In re Ford Motor Co. Speed Control Deactivation Switch Prods. Liab. Litig.*, 398 F. Supp. 2d 1365, 1366 (J.P.M.L. 2005) (holding that the "presence of differing theories or remedies is outweighed when the underlying actions still arise from a common factual core, as the actions do here."); *In re Bank of N.Y. Mellon Corp. Foreign Exch. Transactions Litig.*, 857 F. Supp. 2d 1371, 1373 (J.P.M.L. 2012) (finding consolidation appropriate notwithstanding different parties and legal theories because "[a]ll actions share factual issues arising from allegations concerning BNY Mellon's provision of foreign exchange [] services to its clients."); *In re Multidistrict Private Civil Treble Damage Litig. Involving Plumbing Fixtures*, 308 F. Supp. 242, 244 (J.P.M.L. 1970) ("Such a potential for conflicting or overlapping class actions presents one of the strongest reasons for transferring such related actions to a single district for coordinated or consolidated pretrial proceedings which will include an early resolution of such potential conflicts").

The Related Actions share substantially similar allegations and common issues of fact and law. Each Related Action alleges that Defendants violated state laws and their fiduciary duties when they failed to implement and follow the SBA rules and regulations requiring, among other things, that applications be processed on a "first-come, first-served" basis. Furthermore, each Related Action alleges that this conduct violated the "first-come, first-served" mandate by the SBA. Specifically, all actions allege that Defendants intentionally or negligently engaged in wrongful conduct in approving (or denying) PPP loan applications, including favoring or prioritizing applications in processing time or order. Finally, each Related Action alleges that Defendants benefited from this improper conduct.

Additionally, the Related Actions each seek certification of one or more nationwide and/or state classes of eligible PPP applicants who were harmed as a result of the Defendants' illegal practices. The plaintiffs' allegations in each case relate to Defendants' policies and procedures for processing PPP applications and violations of applicable regulations and rules, whether such violations were willful and negligent, and whether Rule 23 class certification requirements have been met.

Moreover, these common issues and resolution of factual disputes will rely upon common evidence of Defendants' policies and procedures. If addressed in separate forums, those common allegations and issues will lead to duplicative discovery and motion practice and could result in conflicting rulings. They will be addressed most efficiently, and consistently, in a central forum.

2. **Transfer And Centralization Will Further The Convenience Of The Parties And Witnesses**

Transfer and centralization will also serve the overall "convenience of the parties and witnesses" consistent with Section 1407(a). *See In re Commodity Exchange, Inc., Gold Futures & Options Trading Litig.*, 38 F. Supp. 3d 1394, 1395 (J.P.M.L. 2014) ("Centralization will

eliminate duplicative discovery…prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary."); *see also In re Nat'l Prescription Opiate Litig.*, 2018 U.S. Dist. LEXIS 170489, at *2-3 (J.P.M.L. Oct. 3, 2018) (The JPML will look to the "overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation.") (citing *In re: Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012)).

As noted, the Related Actions all include substantially similar allegations regarding Defendants' policies and practices that will most certainly lead to duplicative discovery and pretrial motions in multiple judicial districts, unless the Related Actions are transferred and centralized.  The Plaintiffs undoubtedly will request many of the same documents and seek to depose many of the same witnesses.  Centralization will help minimize duplicative discovery and depositions, reduce deposition-related travel, and facilitate resolution of disputes in a manner that avoids redundancy and conflicting rulings.

### 3. Transfer And Centralization Will Promote The Just And Efficient Conduct Of The Related Actions

Transfer and centralization of the Related Actions for pretrial proceedings will also "promote the just and efficient conduct of such actions" under Section 1407(a).  As stated, due to the overlapping factual and legal theories, as well as the potentially overlapping putative classes, the Related Actions will involve many of the same pretrial issues—including with respect to discovery, class certification and dispositive motions—and will benefit from centralized management and coordination.  On the other hand, addressing these issues court-by-court will likely result in duplication of effort and wasted resources, while increasing the risk of inconsistent rulings.  *See In re Commercial Money Ctr., Inc. Equip. Lease Litig.*, 229 F. Supp. 2d 1379, 1380 (J.P.M.L. 2002) (finding that centralization of cases filed nationwide would prevent inconsistent

pretrial rulings); *see also Gelboim*, 574 U.S. at 410 (noting that one of the aims of Section 1407 is to "eliminate duplication in discovery."). Transfer and centralization for consolidated or coordinated pretrial proceedings is important here to avoid inefficiencies and potential inconsistencies and to promote the just and efficient conduct of the Related Actions.

### B. The Related Actions Should Be Transferred To And Centralized In The Southern District of California

The United States District Court for the Southern District of California is the most appropriate venue for transfer and centralization of the Related Actions and any tag-along actions because: (1) it is a district court experienced in managing multidistrict litigation; (2) it has "state-of-the art" technology facilities that are vital for complex cases involving data and electronic information; and (3) it is conveniently located in a major metropolitan area with ready access from every region in the country.

First, the JPML has assigned numerous MDLs to the Southern District of California. *See*, *e.g.*, *In re Incretin Mimetics Prod. Liab. Litig.*, No. 13MD2452 AJB (MDD), (S.D. Cal. 2013); *In re Portfolio Recovery Assocs., LLC, Tel. Consumer Prot. Act Litig.,* No. 11MD2295 JAH(BGS), (S.D. Cal. 2011); *In re: Midland Credit Mgmt., Inc. Tel. Consumer Prot. Act Litig.*, No. 11-MD-2286 MMA (S.D. Cal. 2018); *In re Packaged Seafood Prod. Antitrust Litig.,* No. 15-MD-2670 JLS (MDD), (S.D. Cal. Nov. 5, 2015). These cases and their efficient resolution confirm that the Southern District of California has capable staff and a history of successfully managing multidistrict litigation.

Second, while not a factor that the JPML has traditionally prioritized, the Southern District of California has adopted the latest technology facilities, which will be highly beneficial in this matter involving significant amounts of data and electronically stored information. According to

the Court's information page, the District Courtrooms in the Schwartz and Carter/Keep Courthouses are equipped with the state-of-the-art audiovisual technology:

> At the heart of this technology is an evidence presentation system. This system combines video distribution with annotation and is designed to allow users to connect external media devices such as laptops, tablets and smartphones. Video inputs (VGA and HDMI cables) are located at the counsel table as well as the lectern, Judge's bench, Courtroom Deputy and Witness desks.[1]

The sophisticated courtroom technology available in the Southern District of California will enable the parties to efficiently and effectively present complex data analysis, testimony and other evidence. This factor weighs in favor of the consolidation in the Southern District of California.

Finally, The JPML has also considered whether a district is "an easily accessible, metropolitan district that is well equipped with the resources that this complex docket is likely to require." *In re Compression Labs, Inc., Patent Litig.*, 360 F. Supp. 2d 1367, 1369 (J.P.M.L. 2005); *see also In re Roundup Prods. Liab. Litig.*, 214 F. Supp. 3d 1346, 1348 (J.P.M.L. 2016) (same). The Southern District of California easily meets this criterion. San Diego is a major metropolitan area and travel hub, with a large international airport that is conveniently located less than three miles from the federal court and city center, ample local travel and lodging options, and the business resources needed for complex litigation. Accordingly, this factor, too, weighs in favor of transferring the Related Actions to the Southern District of California.

---

[1] See U.S. District Court, Southern District of California, "Courtroom Technology Guide," attached as Ex. A.

### III. CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the JPML transfer the Related Actions to the Southern District of California for the centralization of the actions for coordinated or consolidated pretrial proceedings.

Dated: May 1, 2020                                              LOCKRIDGE GRINDAL NAUEN P.L.L.P.

By:  s/ Rebecca A. Peterson
REBECCA A. PETERSON
ROBERT K. SHELQUIST
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
E-mail: rkshelquist@locklaw.com
           rapeterson@locklaw.com

Benjamin Galdston
BERGER MONTAGUE PC
12544 High Bluff Drive, Suite 340
San Diego, CA 92130
Telephone: (619) 489-0300
E-mail: bgaldston@bm.net

Gregory F. Coleman
GREG COLEMAN LAW PC
First Tennessee Plaza
800 South Gay Street, Suite 100
Knoxville, TN 37929
Telephone: (865) 247-0080
E-mail: greg@gregcolemanlaw.com

Alex R. Straus
GREG COLEMAN LAW PC
16748 McCormick Street
Los Angeles, CA 91436
Telephone: (310) 450-9689
E-mail:  alex@gregcolemanlaw.com

Daniel K. Bryson
Scott C. Harris
Patrick M. Wallace
WHITFIELD BRYSON LLP
900 West Morgan Street
Raleigh, NC 27603
Telephone: (919) 600-5000
E-mail: dan@whitfieldbryson.com
      scott@whitfieldbryson.com
      pat@whitfieldbryson.com

**Attorneys for Plaintiff Hyde-Edwards Salon & Spa and the Proposed Class**